**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **PETE THE PAINTER, INC.,** An Illinois corporation, Plaintiff, <br><br> v. <br><br> **PPG INDUSTRIES, INC.,** A Pennsylvania Corporation Defendant. | Civil Action No. <br><br> **Jury Trial Demanded** |

**COMPLAINT FOR TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION,
DECEPTIVE TRADE PRACTICES**

1.      Plaintiff Pete the Painter, Inc. brings this complaint against defendant PPG Industries, Inc. (hereinafter "defendant") for defendant's infringement of Pete the Painter, Inc.'s intellectual property rights, specifically: Pete the Painter, Inc.'s Federal Registered Marks PETE THE PAINTER® (U.S. Reg. No. 3634709) and PETE THE PAINTER with paint brush design (U.S. Reg. No. 1,592,349); Pete the Painter, Inc.'s state law rights respecting the mark PETE THE PAINTER and trade name Pete the Painter, Inc.; and Pete the Painter, Inc.'s rights to stop defendant's unfair competition and deceptive trade practices respecting the term PETE THE PAINTER and trade name Pete the Painter, Inc. As its complaint against defendant, Pete the Painter, Inc. alleges as follows:

**NATURE OF THE ACTION**

*2.*      This is an action for trademark infringement and unfair competition pursuant to the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a); consumer fraud pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. § 505/1, *et seq.;* and

deceptive trade practices under the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. § 510/1, *et seq.*

3.      This action results from, *inter alia,* defendant's infringement of Pete the Painter, Inc.'s Federal Registered Marks, PETE THE PAINTER®, U.S. Registration No. 3634709 (Exh. A), covering the words "Pete the painter" in any format, and PETE THE PAINTER with paint brush design, U.S. Registration no. 1592349 (Exh. M), appearing as follows:

 ®

4.      Such infringement occurs through defendant's unauthorized use, and promotion of use by third parties, of the confusingly similar term PETE THE PAINTER, for example on defendant's website (see Exh. B), related advertisements (see Exh. C), promotional items (for example a series of bobble head figurines bearing, or promoted using, the term PETE THE PAINTER (see Exh. D)), in "Pete's Pointers" painting tips distributed on its website and represented as provided by a source identified as "Pete the Painter" (see Exh. E), in connection with the promotion of its paint and related products and/or services (hereinafter "paint"), and marketing, advertising and offering promotional items and painting tips under the mark in interstate commerce.

5.      Such infringement occurs through defendant's unauthorized use of the confusingly similar term PETE THE PAINT on defendant's website in connection with promotion of an astronaut bobble head figurine (see Exh. F) in connection with the promotion of its paint and related products and/or services (hereinafter "paint"), and marketing, advertising and offering promotional items under the mark in interstate commerce.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b) (trademark and unfair competition).

7.      This Court has jurisdiction over Pete the Painter, Inc.'s related state law claims under 28 U.S.C. § 1367 (supplemental jurisdiction).

8.      Venue and personal jurisdiction are proper in the Northern District of Illinois under 28 U.S.C. § 1391 (b) and (c) and 15 U.S.C. § 1121.

9.      A substantial part of the events or omissions giving rise to the present claims occurred here in this district.

10.      Defendant is registered to do business in the State of Illinois as a foreign corporation.

11.      Defendant is doing business in this district.  Defendant sells paint through numerous retail stores in the Northern District of Illinois, as evidenced by an inquiry to the web page, http://www.ppgpittsburgh paints.com/store-locator (Exh. N).

12.      Defendant sells automotive paint through its "PPG REFINISH" business unit to distributors and automobile body shops in the Northern District of Illinois, as evidenced by inquiries to the web page, http://us.ppgrefinish.com/PPG-Refinish/RefinishLocator (Exh. O, P)

13.      Defendant has promoted goods and services, for example paint, promotional items, and painting tips, on its website, in connection with marks confusingly similar to Pete the Painter, Inc.'s marks and trade name, in this district.

14.      Defendant provides an Internet website with a substantial effect on United States commerce, and a substantial effect on commerce in this district.

15.     At least some of defendant's unlawful acts alleged in this Complaint have occurred within this district.

16.     Defendant's unlawful acts alleged in this Complaint have caused or will cause injury to Pete the Painter, Inc. within this district.

## THE PARTIES

17.     Pete the Painter, Inc. is a corporation organized and existing pursuant to the laws of the State of Illinois.

18.     Pete the Painter, Inc. has a principal place of business located within this district at 633 Landwehr Road, Northbrook, Illinois 60062-2309.

19.     On information and belief, defendant is a corporation existing pursuant to the laws of Pennsylvania.

20.     On information and belief, defendant has a principal place of business at One PPG Place, Pittsburgh, PA 15272 USA.

## PETE THE PAINTER, INC.'S VALUABLE INTELLECTUAL PROPERTY

21.     Pete the Painter, Inc. was incorporated as an Illinois corporation on June 26, 1979.

22.     Pete the Painter, Inc. is in the business of, *inter alia*, providing residential and commercial painting services.

23.     Pete the Painter, Inc. promotes its painting and other services in multiple ways.

24.     Pete the Painter, Inc. promotes its painting and other services through its website at http://www.petethepainter.com (see Exh. G).

25.     Pete the Painter, Inc.'s website describes and offers its painting services and describes the kinds of paint it uses to perform its painting services. See, http://www.petethepainter.com.

26.     Pete the Painter, Inc. promotes its painting and other services on Internet search engines such as GOOGLE (see e.g. Exh. H) and YAHOO Search.

27.     Pete the Painter, Inc. promotes its painting and other services on social networking sites such as FACEBOOK, LINKED-IN, and INSTAGRAM.

28.     Pete the Painter, Inc. promotes its painting and other services on business review services such as YELP and ANGIE'S LIST.

29.     Pete the Painter, Inc. promotes its painting and other services on HOUZZ.com.

30.     Pete the Painter, Inc. promotes its painting and other services on signs at its principal place of business (see Exh. I).

31.     Pete the Painter, Inc. promotes its painting and other services on lawn signs used at job sites (see Exh. J).

32.     Pete the Painter, Inc. promotes its painting and other services in artwork displayed on a vehicle used in its business (see Exh. K).

33.     Pete the Painter, Inc. promotes its painting and other services through advertising (see Exh. L) and various other means.

34.     Pete the Painter, Inc. has maintained its web site: http://www.petethepainter.com from March 2004 or earlier to the present time.

35.     Pete the Painter, Inc. provides its services in this district under its Federal Registered Mark PETE THE PAINTER®.

36.     Pete the Painter, Inc. has continuously used its mark PETE THE PAINTER® in connection with its painting services in Illinois since as early as July 29, 1979, and in interstate commerce since as early as July 1, 1981.

37.     On April 17, 1990, the United States Patent and Trademark Office (USPTO) registered the following mark:

 ®

("PETE THE PAINTER with brush design") to Pete the Painter, Inc. in connection with "Interior and exterior building painting, carpentry, rain gutter installation and repair, tuck pointing, and storm door and storm window installation."

38.     Plaintiff Pete the Painter, Inc. is the rightful owner of the PETE THE PAINTER with brush design registration, U.S. Reg. No.1592349.  See Exh. M.

39.     The PETE THE PAINTER with brush design Registration was granted incontestable status on June 10, 1996.

40.     The USPTO issued a renewal of the PETE THE PAINTER with brush design Registration on October 16, 2009, and it is currently in force.

41.     On June 9, 2009, the United States Patent and Trademark Office (USPTO) registered the word mark PETE THE PAINTER® to Pete the Painter, Inc. in connection with "Interior and exterior building painting, carpentry, rain gutter installation and repair, tuck pointing, and storm door and storm window installation." See Exh. A.

42.     Plaintiff Pete the Painter, Inc. is the rightful owner of this registration, U.S. Reg. No. 3634709, for the word mark PETE THE PAINTER®. See Exh. A.

43.     U.S. Reg. No. 3634709 for the mark PETE THE PAINTER® is currently in force.

44.     On February 27, 2015, Pete the Painter, Inc. filed a Combined Declaration of Use and Incontestability under Title 15 U.S. Code §§ 1058 and 1065 (also known as Sections 8 & 15

of the Lanham Act) to further perfect U.S. Reg. No. 3634709 of the mark PETE THE PAINTER® for "Interior and exterior building painting, carpentry, rain gutter installation and repair."

45.     The United States Patent and Trademark Office (USPTO), on Mar 13, 2015, gave notice of acceptance of this declaration under Section 8 and notice of acknowledgement under Section 15.

46.     Therefore, Pete the Painter, Inc. has established that, under Title 15 U.S.C. § 1065, "the right of the owner [Pete the Painter, Inc.] to use such registered mark in commerce for the goods or services on or in connection with which such registered mark has been in continuous use for five consecutive years subsequent to the date of such registration and is still in use in commerce, shall be incontestable ..." under the conditions specified in the Lanham Act.

47.     Since long before the acts of defendant described herein, Pete the Painter, Inc. continuously and prominently displayed, marketed and advertised its registered PETE THE PAINTER® and PETE THE PAINTER with brush design marks at its business location in Northbrook, Illinois and elsewhere in this district.  See Exh. I, J.

48.     Pete the Painter, Inc. has invested substantial time, effort and expense extensively promoting, marketing and advertising the PETE THE PAINTER® and PETE THE PAINTER with brush design marks in connection with its services, including in this district.

49.     As a result of the continuous advertising, marketing and promotion of the PETE THE PAINTER® and PETE THE PAINTER with brush design marks by Pete the Painter, Inc., the PETE THE PAINTER® and PETE THE PAINTER with brush design marks have become, through public acceptance and recognition, assets of substantial value symbolizing Pete the Painter, Inc., its quality services, and its goodwill.

### DEFENDANT'S UNAUTHORIZED USE OF
### PETE THE PAINTER, INC.'S INTELLECTUAL PROPERTY

50. Pete the Painter, Inc. has never authorized, licensed or otherwise permitted defendant to use the PETE THE PAINTER mark, or any confusingly similar variation thereof.

51. Without any authorization, license or authority from Pete the Painter, Inc., defendant has marketed and advertised its paint and its bobble head figurines and has provided painting tips employing the confusingly similar PETE THE PAINTER and PETE THE PAINT marks on its website.

52. On information and belief, defendant has allowed third parties to link to painting tips employing a PETE THE PAINTER mark confusingly similar to the Pete the Painter, Inc. trade name and PETE THE PAINTER® marks. See Exh. R.

53. On information and belief, defendant has allowed Tasco Auto Color to provide "Pete's Pointers –Technical Tips From Pete The Painter" on social media sites. See Exh. Q, R.

54. On information and belief, defendant has allowed Martin Auto Color, Inc. to provide "Pete's Pointers –Technical Tips From Pete The Painter" on social media sites. See Exh. R.

55. On information and belief, defendant has allowed CarQuest of Nags Head to provide "Pete's Pointers –Technical Tips From Pete The Painter" on social media sites. See Exh. R.

56. On information and belief, defendant currently uses or allows use of the term "Pete The Painter" in reference to PPG's painting tips on Google, Twitter, Facebook, Instagram, Uber-Chip, and other social media sites. See e.g. Exh. Q, R, S.

57.     On information and belief, defendant has not used the literal term "PETE THE PAINTER" in any promotion to the public before July 10, 2009.

58.     On information and belief, defendant has not used the literal term "PETE THE PAINTER" in any promotion to the public before 2008.

59.     On information and belief, prior to defendant's first use of PETE THE PAINTER in connection with goods and/or services similar, identical, or complementary to those provided by Pete the Painter, Inc., defendant had public access to Pete the Painter, Inc.'s trademark registrations and website pages.

60.     Prior to defendant's first use of the PETE THE PAINTER and PETE THE PAINT marks in connection with goods and/or services similar, identical, or complementary to those provided by Pete the Painter, Inc., defendant should have known of the public records evidencing registration of the PETE THE PAINTER® mark to Pete the Painter, Inc. and the valuable reputation and goodwill symbolized by the PETE THE PAINTER® mark and its association with Pete the Painter, Inc.

61.     Since April 17, 1990, the registration date of the PETE THE PAINTER with brush design mark, defendant had constructive notice of Pete the Painter, Inc.'s claim of ownership of the PETE THE PAINTER with brush design mark.  15 U.S.C. § 1072.

62.     Since June 9, 2009, the registration date of the PETE THE PAINTER mark, defendant had constructive notice of Pete the Painter, Inc.'s claim of ownership of the PETE THE PAINTER mark.  15 U.S.C. § 1072.

63.     At least since receiving a letter dated January 14, 2015, from Melissa S. Hockersmith, Esq., to the President of defendant, defendant had actual knowledge of Pete the Painter, Inc.'s United States trademark registrations for PETE THE PAINTER® and PETE THE

PAINTER with brush design and the valuable reputation and goodwill symbolized by Pete the Painter, Inc.'s PETE THE PAINTER® mark and its association with Pete the Painter, Inc.

64. Despite Pete the Painter, Inc.'s prior rights and notice to defendant, defendant has continued to use in advertising and marketing, and on its website, marks confusingly similar or identical to Pete the Painter, Inc.'s PETE THE PAINTER® registered mark.

65. On information and belief, defendant has continued to use in advertising and marketing, and on its website, marks confusingly similar or identical to Pete the Painter, Inc.'s PETE THE PAINTER® registered mark for the purpose of, and with the intention of, trading off of Pete the Painter, Inc.'s goodwill and reputation.

66. On information and belief, defendant entered the paint business in 1900, when "PPG started building its coatings business by acquiring an interest in Wisconsin-based Patton Paint Co." See, Exh. T, http://corporate.ppg.com/Our-Company/company-history.aspx. By 2013, "PPG [was] the largest coatings company worldwide." *Id.*

67. On information and belief, with the permission of defendant, numerous retailers in this district, in Illinois, and elsewhere in the United States sell defendant's house paint to ordinary consumers.

68. On information and belief, with the permission of defendant, two retailers in this district, in Northbrook Illinois, sell defendant's house paint to ordinary consumers.

69. Pete the Painter, Inc. maintains just one business office, located in Northbrook Illinois.

70. On information and belief, among many potential customers for house paints, defendant is better known than Pete the Painter, Inc.

71. On information and belief, many potential customers for painting services, before encountering the trademark PETE THE PAINTER® used by Pete the Painter, Inc., know that defendant is a large company that sells paint.

72. On information and belief, there is a likelihood that potential customers for painting services that encounter both the term PETE THE PAINTER used by defendant and the trademark PETE THE PAINTER® used by Pete the Painter, Inc. will be confused, incorrectly assuming a connection or business relation between Pete the Painter, Inc. and defendant.

73. On information and belief, there is a likelihood of reverse confusion as the result of the defendant's acts and the similarity or identity between the term PETE THE PAINTER used by defendant and the trademark PETE THE PAINTER® used by Pete the Painter, Inc.

## DEFENDANT'S UNAUTHORIZED USE OF THE *PETE THE PAINTER* MARK CREATES A LIKELIHOOD OF CONFUSION

74. Defendant's unauthorized use of the PETE THE PAINTER® mark, or similar variations thereof (for example, "Pete the Paint"),  in connection with the promotion of its paint and other goods and/or services is likely to mislead, deceive, and confuse the purchasing public and the trade.

75. On information and belief, many actual and potential consumers for painting services will conclude that defendant, through its use of the PETE THE PAINTER and/or Pete the Paint marks is connected, associated or affiliated with Pete the Painter, Inc. or vice versa.

76. Defendant's activities, as hereinabove pleaded, are likely to cause confusion or mistake, or to deceive the consuming public and the trade as to the source or origin of the services offered by Pete the Painter, Inc.

77. Defendant's activities, as hereinabove pleaded, are likely to cause confusion or mistake, or to deceive the consuming public and the trade as to the source or origin of the goods and services offered by defendant.

78. Defendant's activities, as hereinabove pleaded, are likely to cause confusion or mistake, or to deceive the consuming public and the trade as to the sponsorship and/or endorsement of defendant's goods and services by Pete the Painter, Inc.

79. As a result of the aforesaid acts by defendant, Pete the Painter, Inc. has suffered and continues to suffer substantial damages and irreparable injury.

80. Pete the Painter, Inc. has no adequate remedy at law, and unless defendant is restrained and enjoined by the Court, said acts will be continued and will continue to cause damage and irreparable injury to Pete the Painter, Inc., the PETE THE PAINTER marks, and to damage Pete the Painter, Inc.'s goodwill and business reputation.

81. Because of the threatened loss to Pete the Painter, Inc. of customers and sales due to defendant's unauthorized use of the PETE THE PAINTER mark or similar variations thereto, Pete the Painter, Inc. cannot ascertain the precise amount of its damages at this time.

**COUNT I**
**FEDERAL TRADEMARK INFRINGEMENT**
**VIOLATION OF 15 U.S. CODE § 1114 (SECTION 32 OF THE LANHAM ACT)**

82. As its first ground for relief, Pete the Painter, Inc. claims violation of Title 15 U.S.C. § 1114, establishing federal trademark infringement.

83. Pete the Painter, Inc. repeats and realleges the allegations of paragraphs 1 through 81 as if set forth fully herein.

84. Defendant has, without the consent of the registrant Pete the Painter, Inc., used in commerce a copy or colorable imitation of the registered mark PETE THE PAINTER® in

connection with the sale, offering for sale, distribution, or advertising of goods on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

85.     Defendant has, without the consent of the registrant Pete the Painter, Inc., used in commerce a copy or colorable imitation of the registered mark PETE THE PAINTER® in connection with the sale, offering for sale, distribution, or advertising of paint, painting tips, and bobble head figurines on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

86.     Defendant has, without the consent of the registrant Pete the Painter, Inc., reproduced, copied or colorably imitated the registered mark PETE THE PAINTER® and applied such copy or colorable imitation to one or more of the following categories: labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

87.     Pete the Painter, Inc. has been and is being damaged by defendant's trademark infringement and has no adequate remedy at law.

88.     Defendant's unlawful conduct will continue to damage Pete the Painter, Inc. unless enjoined by this Court.

89.     Based on defendant's knowledge of Pete the Painter, Inc.'s federal registered mark PETE THE PAINTER® and continued activities, defendant's trademark infringement is willful.

## COUNT II
## FEDERAL UNFAIR COMPETITION
## VIOLATION OF SECTION 43(a) OF THE LANHAM ACT

90.     As its second ground for relief, Pete the Painter, Inc. hereby alleges federal unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

91.     Pete the Painter, Inc. repeats and realleges the allegations of paragraphs 1 through 89 above, as though fully set forth herein.

92.     Defendant's adoption and use of the PETE THE PAINTER® mark, or approximations or simulations thereof, as hereinabove pleaded, constitutes use of a false designation of origin or a false representation, which wrongfully and falsely designates, describes or represents the origins of defendant's services and business as originating from or being in connection with Pete the Painter, Inc. when this is not the case, and thereby constitutes a false description or representation used in interstate commerce.

93.     Defendant's adoption and use of the Pete the Painter, Inc. trade name, or approximations or simulations thereof, as hereinabove pleaded, constitutes use of a false designation of origin or a false representation, which wrongfully and falsely designates, describes or represents the origins of the services and business of Pete the Painter, Inc. as originating from or being in connection with defendant when this is not the case, and thereby constitutes a false description or representation used in interstate commerce.

94.     Pete the Painter, Inc. has been and is being damaged by such violation and has no adequate remedy at law.

95.     Defendant's unlawful and willful conduct will continue to damage Pete the Painter, Inc. unless enjoined by this Court.

96.     Based on defendant's previous and continuing knowledge of Pete the Painter, Inc.'s Federal Registered Mark PETE THE PAINTER® and trade name Pete the Painter, Inc., and defendant's continued activities, defendant's federal unfair competition violation is willful.

## COUNT III
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

97.     As its third ground for relief, Pete the Painter, Inc. hereby alleges that defendant has implemented deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. § 510/1, et seq.

98.     Pete the Painter, Inc. repeats and realleges the allegations of paragraphs 1 through 96 above, as though fully set forth herein.

99.     The Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. § 510/1, et seq., provides that a person engages in deceptive trade practices when, inter alia, he "(2) causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services; (3) causes likelihood of confusion or of misunderstanding as to affiliation, connection or association with or certification by another; ... (5) represents that goods or services have sponsorship, approval, characteristics, ... that they do not have...; [or] (12) engages in any other conduct which similarly creates a likelihood of confusion or misunderstanding " regardless of whether or not there is "competition between the parties or actual confusion or misunderstanding." 815 Ill. Comp. Stat. § 510/2.

100.     Defendant's unauthorized use of the PETE THE PAINTER® mark, Pete the Painter, Inc. trade name, or approximations or simulations thereof, trades on the business reputation and goodwill of Pete the Painter, Inc.

101.    Defendant's unauthorized use of the PETE THE PAINTER® mark, Pete the Painter, Inc. trade name, or approximations or simulations thereof, causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of Pete the Painter, Inc.'s and defendant's goods and services

102.    Defendant's unauthorized use of the PETE THE PAINTER® mark, Pete the Painter, Inc. trade name, or approximations or simulations thereof, causes likelihood of confusion or of misunderstanding as to the affiliation, connection or association with or certification of defendant by Pete the Painter, Inc.

103.    Defendant's unauthorized use of the PETE THE PAINTER® mark, Pete the Painter, Inc. trade name, or approximations or simulations thereof, represents that defendant's paint, bobble head figurines, and dissemination of painting tips have sponsorship or approval by Pete the Painter, Inc. that they do not have, in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. § 510/1-7 (1965).

104.    Pete the Painter, Inc. has been and is being damaged by such violation and has no adequate remedy at law.

105.    Defendant's unlawful and willful conduct will continue to damage Pete the Painter, Inc. unless enjoined by this Court.

106.    Based on defendant's previous and continuing knowledge of Pete the Painter, Inc.'s Federal Registered Mark PETE THE PAINTER® and trade name Pete the Painter, Inc. and defendant's continued activities, defendant's violation of the Illinois Uniform Deceptive Trade Practices Act is willful.

## COUNT IV
## VIOLATION OF ILLINOIS CONSUMER FRAUD
## AND DECEPTIVE BUSINESS PRACTICES ACT

107.    Pete the Painter, Inc. hereby alleges that defendant has implemented deceptive trade practice violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. § 50S/I, et seq.

108.    Pete the Painter, Inc. repeats and realleges the allegations of paragraphs 1 through 106 above, as though fully set forth herein.

109.    The Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. § 50S/I, et seq., makes "the use or employment of any deception [,] fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, ... or the use or employment of any practice described in Section 2 of the 'Uniform Deceptive Trade Practices Act' ... in the conduct of any trade or commerce" unlawful, regardless whether "any person has in fact been misled, deceived or damaged thereby." 815 Ill. Comp. Stat. § 505/2.

110.    Defendant's continuing unauthorized use of the PETE THE PAINTER mark, Pete the Painter, Inc. trade name, or approximations or simulations thereof, so as to mislead and deceive the public by suggesting an association, connection or affiliation of defendant with Pete the Painter, Inc., is an unfair method of competition and a deceptive act or practice in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. § 505/1-12 (1961).

111.    Pete the Painter, Inc. has been and is being damaged by such violation and has no adequate remedy at law.

112.     Defendant's unlawful conduct will continue to damage Pete the Painter, Inc. unless enjoined by this Court.

113.     Based on defendant's previous and continuing knowledge of Pete the Painter, Inc.'s Federal Registered Mark PETE THE PAINTER® and trade name Pete the Painter, Inc., and defendant's continued activities, defendant's violation of the Illinois Consumer Fraud and Deceptive Business Practices Act is willful.

## COUNT V
## COMMON LAW UNFAIR COMPETITION

114.     Pete the Painter, Inc. hereby alleges common law unfair competition.

115.     Pete the Painter, Inc. repeats and realleges the allegations of paragraphs 1 through 113 above, as though fully set forth herein.

116.     As a result of its actions, as hereinabove pleaded, defendant has misappropriated valuable property rights of Pete the Painter, Inc.

117.     As a result of its actions, as hereinabove pleaded, defendant is trading on the goodwill of Pete the Painter, Inc., as symbolized by Pete the Painter, Inc.'s distinctive PETE THE PAINTER® mark and Pete the Painter, Inc. trade name.

118.     As a result of its actions, as hereinabove pleaded, defendant is likely to confuse and deceive members of the purchasing public in violation of the common law of unfair competition of the State of Illinois.

119.     Pete the Painter, Inc. has been and is being damaged by such violation and has no adequate remedy at law.

120.     Defendant's unlawful conduct will continue to damage Pete the Painter, Inc. unless enjoined by this Court.

121.    Based on defendant's previous and continuing knowledge of Pete the Painter, Inc.'s Federal Registered Mark and continued activities, defendant's violation of the common law of unfair competition is willful.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff Pete the Painter, Inc. demands:

1.    That defendant, its officers, agents, servants, employees, licensees, attorneys, successors, related companies, parent companies, subsidiary companies, and assigns, and all those in active concert or participation with them, be forthwith preliminarily and thereafter permanently enjoined and restrained from:

a.    Using PETE THE PAINTER, PETE THE PAINT, or any other similar mark, trade name, domain name, or designation that is confusingly similar to the PETE THE PAINTER® mark or gives rise to a likelihood of confusion, mistake or deception with respect to Pete the Painter, Inc.'s PETE THE PAINTER® mark;

b.    Using or allowing any third party to use, PETE THE PAINTER, PETE THE PAINT, any portion of these terms, or any other term or phrase that is confusingly similar as an advertising keyword, as anchor text or identifying text of a hyperlink (including but not limited to a root link, a backlink, an external link, or an internal link) to or from any webpage, website, domain name, Internet content, or other target in its possession or control;

c.    Doing any other act or thing likely to induce the mistaken belief that defendant or its services or business, are in any way approved by or affiliated, connected or associated with Pete the Painter, Inc. or Pete the Painter, Inc.'s services;

d.      Doing any other act or thing likely to induce the mistaken belief that Pete the Painter, Inc. or Pete the Painter, Inc.'s services, are in any way approved by or affiliated, connected or associated with defendant; and

e.      Unfairly competing with Pete the Painter, Inc. in any manner whatsoever or causing injury to the business reputation of Pete the Painter, Inc.

2.      That defendant, its officers, agents, servants, employees, licensees, attorneys, successors, related companies, parent companies, subsidiary companies, and assigns, and all those in active concert or participation with them, deliver for destruction all advertisements, brochures, figurines, current inventory of products, and related materials that utilize the PETE THE PAINTER mark, PETE THE PAINT, or approximations or simulations thereof;

3.      That defendant, its officers, agents, servants, employees, licensees, attorneys, successors, related companies, parent companies, subsidiary companies, and assigns, and all those in active concert or participation with them, remove and no longer use any embedded or perceptible term: "PETE THE PAINTER," "PETE THE PAINT," or any portion thereof, or any approximation or simulation thereof, as:

a.      An advertising keyword;

b.      A search term; or

c.      Anchor text or identifying text of a hyperlink (including but not limited to a root link,  a backlink, an external link, or an internal link);

to or from any webpage, website, domain name, Internet content, or other target in its possession or control.

4. That an accounting be granted against defendant, and Pete the Painter, Inc. be awarded monetary relief in an amount to be fixed by the Court in its discretion as just, including:

a. All profits received by defendant from sales and revenues of any kind made as a result of its unlawful actions;

b. All damages sustained by Pete the Painter, Inc. as a result of defendant's acts of infringement, unfair competition and deceptive trade practices; and

c. An order awarding Pete the Painter, Inc. compensatory, consequential and other damages, including pre- and post-judgment interest, suffered as a result of defendant's violations of 15 U.S.C. § 1125(a).

5. That defendant file with the Court and serve on Pete the Painter, Inc. within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which defendant has complied with the injunction.

6. That because of the exceptional nature of this case, resulting from defendant's deliberate and willful infringement, this Court award Pete the Painter, Inc. its reasonable attorneys' fees, costs and disbursements.

7. That Pete the Painter, Inc. shall have such other and further relief as this Court may deem just.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

                                                    **PETE THE PAINTER, INC.**

Date:  __December 4, 2015_____          /s/Ronald A. DiCerbo_____
                                                    Ronald A. DiCerbo
                                                    George Wheeler
                                                    McANDREWS, HELD & MALLOY, LTD.
                                                    500 W. Madison Street
                                                    34th Floor
                                                    Chicago, Illinois 60661
                                                    312-775-8000 Telephone
                                                    312-775-8100 Facsimile

                                                    Attorneys for Plaintiff,
                                                    **PETE THE PAINTER, INC.**